DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Common Pleas Court judgment finding Eugene Nero, defendant below and appellant herein, to be a sexual predator pursuant to R.C. Chapter 2950.
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE FINDING BY THE TRIAL COURT THAT APPELLANT IS A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
SECOND ASSIGNMENT OF ERROR:
 "OHIO R.C. SECTION 2950.09 VIOLATES THE SEPARATION OF POWERS DOCTRINE OF THE AND PROCEDURAL DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS. [SIC]"
Our review of the record reveals the following facts pertinent to the instant appeal. In 1986, appellant was found guilty of two counts of rape, in violation of R.C. 2907.02, and one count of aggravated burglary, in violation of R.C. 2911.11. On April 11, 2000, a notice of hearing pursuant to R.C. 2950.09 was filed.
On May 12, 2000, appellant filed a motion to dismiss the sexual predator proceedings. Appellant argued that the sexual predator statutory scheme: (1) is unconstitutionally vague; (2) deprives him of the equal protection of the law; and (3) violates double jeopardy. On May 17, 2000, the trial court overruled appellant's motion to dismiss.
On August 8, 2000, the trial court found, by clear and convincing evidence, appellant to be a sexual predator. The trial court stated its findings as follows:
 "There was a substantial disparity in the age of the offender and the victim at the time of this offense, with the victim being much younger than the Defendant. The Defendant was convicted of other offenses, not just the two offenses that are the basis of this stipulation, but other offenses which are of concern. There was, as the stipulation indicates, the prior sexually oriented offense pre-dating the present offense. [The officer who investigated the original offense] testified that his information was that the pre-dating sexual offense was similar in the mode of commission to the offense that is the offense that was found to have been committed before this Court. The text of the plea hearing suggests that at least the victim felt the Defendant was suffering from some mental disability or mental illness that required special psychological training. And that victim's concern was reflected in her request that the Court, that a special effort be made with prison authorities for the Defendant to receive appropriate counseling. The Defendant displayed violent tendencies which might be described as cruel during the commission of both sexually oriented offenses, in that he choked the victims in order to secure compliance. The victim of the current offense related * * * that the Defendant expressed beliefs in the nature of subservience of women and submission of women to men's desire for sexual contact, which is reflective of her concern that the Defendant may have been or might have been unstable.
Appellant filed a timely notice of appeal.
 I
In his first assignment of error, appellant argues that the trial court's sexual predator finding is against the manifest weight of the evidence. In particular, appellant argues that no clear and convincing evidence exists that he is likely to engage in future sexually oriented criminal offenses.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and [who] is likely to engage in the future in one or more sexually oriented offenses." A "sexually oriented offense" includes a violation of R.C. 2907.02. See R.C. 2950.01(D)(1).
R.C. 2950.09(B)(3) prohibits a trial court from adjudicating an offender as a sexual predator unless clear and convincing evidence exists in the record to support such a determination. See State v. Cook (1998),83 Ohio St.3d 404, 700 N.E.2d 570; State v. Dunn (June 17, 1998), Pickaway App. No. 97 CA 26, unreported; see, also, State v. Myers (Oct. 14, 1998), Washington App. No. 97 CA 36, unreported, n. 8.
 "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegation sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases. It does not mean clear and unequivocal."
Cross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118, 123; see, also, State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54,60.
A reviewing court will not reverse a trial court's sexual predator determination unless the manifest weight of the evidence fails to support the trial court's decision. See State v. Cook (1998), 83 Ohio St.3d 404,426, 700 N.E.2d 570, 588 (holding that the trial court's sexual predator determination was "not against the manifest weight of the evidence"); see, also, State v. Morris (July 18, 2000), Washington App. No. 99CA47, unreported; State v. Hinkle (May 19, 2000), Perry App. No. 99CA19, unreported; State v. Hart (Mar. 24, 2000), Hamilton App. No. C-990541, unreported; State v. Daugherty (Nov. 12, 1999), Washington App. No. 99CA09, unreported; State v. Meade (Apr. 30, 1999), Scioto App. No. 98CA2566, unreported. A reviewing court will not reverse a trial court's judgment as being against the manifest weight of the evidence if some competent and credible evidence supports the judgment. See, e.g.,Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226, 638 N.E.2d 533,536; Vogel v. Wells (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154, 159;C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, at the syllabus.
In determining whether an offender is a sexual predator, R.C.2950.09(B)(2) requires the trial court to consider the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but no limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In the case at bar, appellant does not dispute that he has been convicted of a sexually oriented offense. Rather, appellant disputes whether the trial court properly determined that he is likely to engage in future sexually oriented offenses. Appellant argues that an analysis of the relevant factors fails to reveal that he is likely to engage in future sexually oriented offenses. We disagree with appellant.
The record in the case sub judice indicates that the trial court carefully reviewed the statutory factors regarding a sexual predator determination. The trial court considered: (1) both appellant's and the victim's ages (R.C. 2950.09(B)(2)(a) and (c)), noting "a substantial disparity in the age of the offender and the victim at the time of this offense, with the victim being much younger than the [appellant]"; (2) appellant's prior criminal record (R.C. 2950.09(B)(2)(b)), noting that appellant had been convicted of a prior similar sexually oriented offense in addition to the two 1986 convictions; (3) appellant's mental health (R.C. 2950.09(B)(2)(g)), noting that the victim felt that appellant had suffered from some mental disability or mental illness that required special psychological training; (4) that appellant displayed acts of cruelty during the commission of the 1986 offense and the earlier offense (R.C. 2950.09(B)(2)(i)), noting that appellant choked the victim in order to secure compliance; and (5) that appellant "expressed beliefs in the nature of subservience of women and submission of women to men's desire for sexual contact."
Given all of the foregoing factors, including appellant's propensity for cruelty in committing the 1986 rape and the earlier rape, and appellant's apparent belief that women should submit to a man's sexual desire, we do not believe that the trial court erred by finding that appellant is likely to engage in future sexually oriented offenses. Thus, the trial court's sexual predator determination is not against the manifest weight of the evidence.
Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II
In his second assignment of error, appellant argues that the sexual predator statutory scheme is unconstitutional because it violates the separation of powers doctrine and procedural due process.
Because appellant did not raise these two particular constitutional arguments during the trial court proceedings, we summarily reject appellant's arguments.[1] "It is axiomatic that a failure to raise at the trial court level the issue of the constitutionality of a statute generally amounts to a waiver of such issue and therefore it need not be heard for the first time on appeal." State v. Morris (July 18, 2000), Washington App. No. 99CA47, unreported (citing State v. Green (1993),66 Ohio St.3d 141, 152, 609 N.E.2d 1253, 1262; State v. Cook (1992),65 Ohio St.3d 516, 529-530, 605 N.E.2d 70, 84; State v. Smith (1991),61 Ohio St.3d 284, 293, 574 N.E.2d 510, 519; State v. Awan (1986),22 Ohio St.3d 120, 489 N.E.2d 277, at the syllabus).
Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.
 _______________________________ Peter B. Abele, Presiding Judge
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] Although we decline to address appellant's constitutional arguments, we note that other courts have concluded that R.C. Chapter 2950 does not violate the separation of powers doctrine or the procedural due process provisions. See, e.g., State v. Hodge (Apr. 28, 2000), Greene App. No. 99 CA 101, unreported; State v. Smith (Apr. 7, 2000), Greene App. No. 99 CA 121, unreported.